**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| COMPRESSION VECTORS LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INTEL CORPORATION,<br><br>　　　　Defendant. | Civil Action No.: 6-cv-21-1142<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Compression Vectors LLC (also "Compression Vectors" or "Plaintiff"), for its Complaint against Defendant Intel Corporation (also "Intel" or "Defendant"), alleges the following:

**NATURE OF THE ACTION**

1.　This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, involving infringement of the patent identified by United States Patent No. 6,731,813 ("the '813 patent", Exhibit A) (also "the patent in suit" or "the Asserted Patent").

**THE PARTIES**

2.　Plaintiff Compression Vectors is a limited liability company organized under the laws of the State of Delaware.

3.　Compression Vectors is the current assignee of the patent in suit and is the owner of the entire right, title, and interest of the Asserted Patent including the right to sue for and

collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement.

4. On information and belief, Defendant Intel Corporation is a company organized and existing under the laws of the State of Delaware with its principal place of business located at 2200 Mission College Boulevard, Santa Clara, California 95054.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

6. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

7. This Court has personal jurisdiction over Defendant Intel because Intel has minimum contacts with the State of Texas and has purposefully availed itself of the privileges of conducting business in the State of Texas. For example, on information and belief, Intel has engaged in continuous, systematic, and substantial activities within this State, including substantial marketing and sales of products within this State and this District. Furthermore, upon information and belief, this Court has personal jurisdiction over Intel because Intel has committed acts giving rise to Compression Vectors claims for patent infringement within and directed to this District.

8. Intel is subject to this Court's specific and general personal jurisdiction, in accordance with due process and/or the Texas Long Arm Statute because, in part, Intel "[r]ecruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state." See Tex. Civ. Prac. & Rem. Code § 17.042.

9. Additionally, this Court has specific personal jurisdiction over Intel because it committed and continues to commit acts of infringement in this judicial district in violation of 35 U.S.C. § 271(a). In particular, Intel has made, used, offered to sell, and sold products and systems in this judicial district, including infringing video encoding applications.

10. Upon information and belief, Intel has committed acts of infringement in this District and has one or more regular and established places of business within this District under the language of 28 U.S.C. § 1400(b).

11. Intel maintains a permanent physical presence within the Western District of Texas, conducting business from at least its locations at 9442 N. Capital of Texas Hwy., Bldg. 2, Suite 600, Austin, Texas 78759; and at 1300 S. Mopac Expressway, Austin, Texas 78746 (see https://www.intel.com/content/www/us/en/location/usa.html, last accessed and downloaded on November 05, 2021 - collectively, "Intel Austin Offices").

12. On information and belief, Intel is registered to do business in the State of Texas under Texas Taxpayer Number 19416727436 and has been since at least April 1989.

13. Upon information and belief, Intel has conducted and does conduct substantial business in this forum, directly and/or through subsidiaries, agents, representatives, or intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

14. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391 and 28 U.S.C. § 1400(b) as to Defendant Intel. Intel is registered to do business in Texas, and upon information and belief, Defendant has transacted business in this district and has committed acts of direct infringement in this district by, among other things, making, using, offering to sell, and selling products that infringe the asserted patents. Defendant has a regular and established place of business in the District, including offices at the Intel Austin Offices.

## THE TECHNOLOGY AND THE PATENT IN SUIT

15. On October 6, 2000, Ian Stewart filed United States Patent Application No. 09/684,802 ("the '802 Application") which claims priority to United States Provisional Patent Application No. 60/158,190 filed October 7, 1999.

16. The '802 Application was duly examined and issued as the '813 patent, entitled "Self Adapting Frame Intervals" on May 4, 2004, with a patent term adjustment granted extending the term of the '813 patent by 619 days.

17. Compression Vectors is the owner of the '813 patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendant's infringement of the '813 patent.

18. The '813 patent is valid and enforceable. A true and correct copy of the '813 patent is attached hereto as Exhibit A.

19. The '813 patent includes 10 claims. ('813 patent, Ex. A at 8:61–12:26.)

20. The '813 patent describes methods and a computer program product that automatically adjusts a frame interval between frames of digital video during compression of a received video signal. As the '813 patent describes, the "invention provides a computer processor implemented video compression method and computer program product for compressing a video signal" ('813 patent, Ex. A at 1:48–50) that improves video compression by

improving the ability to adjust the I-frame rate thus improving efficiency and making the compression process less costly (*id.* at 1:42-45).

21. In order to improve compression, the method determines a video motion value by taking a sample of a frame of the video signal, comparing the sample to one or more previously taken samples, and determining a video motion value according to the comparison (*id.* at 1:56-60) and may perform the compressing of at least a portion of the video signal using an MPEG compression process (*id.* at 2:19-21).

22. At the time of the filing date of the '813 patent, the claimed elements and claimed combinations of the patent in suit were not well-understood, routine, or conventional to a skilled artisan in the relevant field.

## COMPRESSION VECTOR'S CLAIMS ARE PATENT ELIGIBLE

23. The claims in the '813 patent are directed to patent eligible subject matter.

24. The '813 patent is directed to technical problems that are particular to video compression systems.

25. The methods and computer program product, as described by the '813 patent, provide for automatically adjusting a frame interval between frames of digital video during compression of a received video signal. (*See, e.g.*, '813 patent, Ex. A at 1:48–50.) The method determines a video motion value by taking a sample of a frame of the video signal, comparing the sample to one or more previously taken samples, and determining the video motion value according to the comparison. (*Id.* at 1:56-60.)

26. Providing an automatically adjusted frame interval between frames of digital video in the manner claimed in the patent in suit provides an improvement over the techniques and methods known in the art at the time. Thus, the claims of the asserted patent are directed to

inventive concepts, being both novel and unconventional, which are sufficient to render the claims of the Asserted Patent to be patent eligible.

27. In particular, prior to the priority date of the Asserted Patent, in systems, such as traditional video compression systems, information related to adjusting the I-frame rate or frame interval might need to be gathered and evaluated by a time-consuming trial and error, manually performed process. (*Id.* at 1:40-43.)

28. The patent in suit overcame these disadvantages by, for example, providing a "computer processor implemented video compression method and computer program product for compressing a video signal" in which the method determines a video motion value from the video signal, determines a frame interval according to the determined video motion value, and compresses at least a portion of the video signal according to the determined frame interval. (*Id.* at 1:48-55.)

29. The '813 patent resolve technical problems related to video compression, and more particularly to improving video compression quality. (*Id.* at 1:7-9.) For example, the '813 patent describes methods that allow taking a sample of a frame of a video signal, comparing the sample to one or more previously taken samples, and determining the video motion value according to the comparison (*id.* at 1:56-60), which, on information and belief, is exclusively implemented using computer technology.

30. The claims of the patent in suit do not merely recite the performance of some method known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '813 patent recite or are directed to inventive concepts that are rooted in computerized video compression technology, and overcome problems specifically arising in the realm of computerized video compression system technologies.

31. The '813 patent does not preempt all ways of using video compression system technology, nor preempt the use of any well-known video compression technology, nor preempt any other well-known or prior art technology.

32. The '813 patent claims are not directed to any "method of organizing human activity," "fundamental economic practice long prevalent in our system of commerce," nor are any of the claims "a building block of the modern economy."

33. The patent in suit does not take a well-known or established business method or process and apply it to a general-purpose computer. Instead, the specific systems and processes described in the '813 patent have no direct corollary to a process that predates the advent of the Internet.

34. The '813 patent claims are directed toward a solution rooted in computer technology and directed to technology, unique to computers and video compression, to overcome problems specifically arising in the realm of computerized video compression technologies.

35. The claims of the Asserted Patent are not directed at a mere mathematical relationship or formula.

36. The claims of the Asserted Patent cannot be performed by a human, in the human mind, or by pen and paper.

37. Accordingly, each claim of the patent in suit recites a combination of elements sufficient to ensure that each claim, in practice, amounts to significantly more than a claim on an ineligible abstract concept.

**COUNT I – INFRINGEMENT OF THE '137 PATENT**

38. Paragraphs 1 through 37 are incorporated by reference as if fully set forth herein.

39. Intel directly infringes and continues to directly infringe under 35 U.S.C. § 271(a) one or more claims of the '813 patent either literally and/or under the doctrine of equivalents, by,

among other things, making, using, importing, selling, offering for sale and/or providing and/or causing to be used in the United States the Accused Instrumentalities, including digital video encoders such as, for example, the Intel Media SDK applications and products and systems (including without limitation hardware-accelerated or hardware assisted video encoding products, including products that include graphics hardware) that rely on or incorporate the Intel Media SDK (*see*, *e.g.,* https://software.intel.com/content/www/us/en/develop/tools/media-sdk.html, last accessed and downloaded November 05, 2021).  An exemplary claim chart detailing the correspondence of every element of claims 1 & 8 of the '813 patent with features of at least one example of the Accused Instrumentalities is attached hereto as Exhibit A-1 and incorporated by reference.

40. Compression Vectors has been and continues to be damaged by Intel's infringement of the '813 patent.

41. Compression Vectors reserves the right to modify its infringement theories as discovery progresses in this case and is not to be estopped for purposes of its infringement contentions or any claim construction, express or implied, based on the attached claim chart. Compression Vectors intends the exemplary claim chart for the '813 patent (Exhibit A-1) only to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure. The claim chart does not represent Compression Vectors' preliminary or final infringement contentions or preliminary or final claim construction positions.

## **JURY DEMAND**

42. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Compression Vectors demands a trial by jury on all issues triable as such.

## **PRAYER FOR RELIEF**

WHEREFORE, Compression Vectors demands judgment for itself and against Intel as follows:

A. An adjudication that Intel has infringed the patent in suit;

B. An award of damages to be paid by Intel adequate to compensate Compression Vectors for Intel's past infringement of the patent in suit, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Compression Vectors' reasonable attorneys' fees; and

D. An award to Compression Vectors of such further relief at law or in equity as the Court deems just and proper.

Dated: November 05, 2021               Respectfully submitted,

                                                DEVLIN LAW FIRM LLC

                                                */s/ Timothy Devlin*
                                                Timothy Devlin
                                                (admitted WDTX, Del. Bar No. 4241)
                                                tdevlin@devlinlawfirm.com
                                                Patrick R. Delaney (application pending, D.C. Bar No. 472266)
                                                pdelaney@devlinlawfirm.com
                                                1526 Gilpin Ave.
                                                Wilmington, Delaware 19806
                                                Telephone: (302) 449-9010
                                                Facsimile: (302) 353-4251

                                                *Attorneys for Plaintiff,*
                                                *Compression Vectors LLC*